THERSA MONTANTES
1054 N.E. 6th STREET
GRESHAM, OREGON  97030
PRO SE

FILED'07 DEC 12 15:48USDC-ORP

IN THE UNITED STATES COURT
FOR THE DISTRICT OF OREGON


THERESA MONTANTES

                Defendant,

CV '07 - 1834 - KI

                                    Civil Case No:

v.
                                    ~~CROSS~~ Complaint in Interpleader
Mercury Companies                   Superior Court of California-
Jerrold Hauptman                    County of San Joaquin,
Patty Hauptman                      Case Number: C V 0 3 3 6 5 8

                                    DECEPTIVE TRADE PRACTICES
                                    CALIFORNIA, GRAND THEFT, 487
                                    AIDING AND
KATHLEEN  ABDALLAH, SBN 137673      ABETTING GRAND THEFT
7550 SHORELINE DRIVE                CALIFORNIA, BUSINESS AND
STOCKTON, CA  95219                 PROFESSIONAL CODE 7031, 7159
ATTORNEY FOR PLAINTIFF              UNFAIR BUSINESS PRACTICES
ALLIANCE TITLE COMPANY, INC.        UNFAIR COMPETITION, 17200
TERRY HARWELL, REGIONAL VICE PRESIDENT   INSURANCE CODE, 790.02, 790.03
 Paula Nickell, Escrow Officer      12404
                Plaintiff,          CALIFORNIA FINANCIAL CODE, 866


DESTINY MANUFACTURED HOMES OF MANTECA
LEE BRITTELL, SALESMAN, OFFICE MANAGER
SAM KNAPP, DEALER OF RECORD
                Defendant,

_____

        The Defendant, Theresa Montantes is a resident of the State of Oregon.  The Defendant,

Theresa Montantes has lived in Oregon for two years at the above address.

### DIVERSITY JURISDICTION

The Defendant, Theresa Montantes, has approached the U. S. District Court because of two

types of Jurisdiction issues, one under Title 28> Part IV>Chapter 87> 1397.  The Plaintiff,

Alliance Title Company is a citizen of California and it's parent company, Mercury is a citizen of

Denver, Colorado. The Defendant Destiny Manufactured Homes is a citizen of California. The

Defendant, Theresa Montantes is a citizen of Oregon.

### INTERPLEADER JURISDICTION

1.      The Defendant, Theresa Montantes, has approached the U. S. Court because

Federal Courts have Jurisdiction regarding Interpleader actions, according to, federal code,

Title 28>Part IV>Chapter 85>1335 (a) states:  The district courts shall have original jurisdiction

of any civil action of Interpleader or in the nature of Interpleader filed by any person, firm, or

corporation, association, or society having in his custody or possession money or property of

value of $80,000 or more, or having issued a not, bond, certificate, policy of insurance, or other

instrument of value or amount of $80,000.00 or more, or providing for the delivery of payment

or a loan of money or property of such amount or value, or being under any obligation written

or unwritten to the amount of $80,000.00 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a)

or (d) of section 1332 of this title, are claiming or may claim to be entitled to such

money or property, or to any one or more of the benefits arising by virtue of any

note, bond, certificate, policy, or other instrument, or arising by virtue of any such

obligation.

Diversity Jurisdiction was included because the framers of the Constitution were concerned

regarding bias regarding state influence, this Defendant, Theresa Montantes, has the same

concerns.  Congress first exercised this power by granting federal trial courts diversity

2

jurisdiction in the Judiciary Act of 1789.  Diversity Jurisdiction is presently codified at
28>U.S.C.>1332.

### REMOVAL RIGHTS OF THE DEFENDANT

The Defendant, Theresa Montantes, is convinced based on past experience in the San Joaquin
County Superior Court of California, the Defendant, Theresa Montantes will not receive a
expedient, fair and impartial due process of law.  Under the 24 statue>522> 1 and 2, the
Defendant, Theresa Montantes, respectfully request, removal of case number: CV033658, to
the U. S. District Court of Oregon.  (See 14B Wright, Miller and Cooper, Federal Practice
Procedures; Jurisdiction >3d 8>3721 (1998) The Defendant, Theresa Montantes, had a
scheduled September 7, 2005, Case Management Conference[1], on the calendar. The
Defendant, Theresa Montantes showed up and nobody had any information regarding
the Case Management Meeting.  The Case Management Meeting was not on the Internet and
not on the telephone and not one clerk knew anything about.  The Defendant has included the
transcripts[2] of the two days in court in San Joaquin County before Judge Carter P. Holly.
The matter was dropped and the Defendant, Theresa Montantes received no notification.

### SUMMONS AND INTERPLEADER DELIVERED TO THE WRONG ADDRESS

The Defendant, Theresa Montantes stopped into the Alliance Title on March Lane in Stockton,
California and in the month of September, 2007 and left a current address with the District
Manager.  Alliance Title attempt at delivering the Summons and Interpleader to the wrong
address and wrong people.  This is not the actions of a neutral party.  This Defendant, heard
about these actions through friends.   The Defendant, Theresa Montantes, asked a family friend
to go to the court house to retrieve a copy of the Interpleader.

---

[1]Exhibit—Minute Order-Case Management Conference/Settlement Conference
[2]Exhibit—Court Transcripts for June 9, 2005 and July 1, 2005, taken by Ms. Cara Poe

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

### FEDERAL JURISDITION OVER PAY INSTRUMENTS

### THE CONTROVERSEY

The amount in controversy is $80,000.00. In a transaction, at Alliance Title Company, $29,700.00 was released to an unlicensed contractor.   This unlicensed contractor, is, the Defendant, Destiny Manufactured Homes of Manteca and Destiny's employee, Salesman and Office Manager, Mr. Lee Brittell, who is, licensed, only, to sell, manufactured homes.  The major problem centers around, three forms designed by Mr. Lee Brittell of Destiny Manufactured Homes, one, entitled, "**RELEASE OF FUNDS** PRIOR TO THE CLOSE OF ESCROW[3]," one dated June 5, 2003, in the amount of $9,700.00.  This is the form referred to by the Plaintiff, Alliance Title, as, <u>EXECUTED JOINT WRITTEN INSTRUCTIONS</u>, which was presented fraudulently for payment, at Alliance Title, on June 6, 2003.  The second form, entitled, <u>RELEASE OF FUNDS PRIOR TO THE CLOSE OF ESCROW</u>[4], dated July 9, 2003 (See footnote) in the amount of $20,000.00, was additionally, presented fraudulently, for payment by the designer, Mr. Lee Brittell, on July 10, 2003, at Alliance Title.  The Escrow Officer at Alliance Title who permitted, Mr. Brittell to have access to $29,300.00 prior to an escrow, is, Paula Nickell.

### REFERED TO BY ALLIANCE TITLE

The Plaintiff, Alliance Title refers to both forms, as, <u>EXECUTED JOINT WRITTEN INSTRUCTIONS</u>.

### FUNDS IN THE AMOUNT OF 29, 300.OO-RELEASED- NO SIGNED-- ESCROW INSTRUCTIONS

Both forms were redeemed before a mutual set of Escrow Instructions were signed by either party, in fact, legal Escrow Instructions were never signed by either party.

Alliance Title extended unusual banking courtesy, to Mr. Brittell, a favor unrelated to the business of Title and prior to an Escrow, free of charge.

---

[3] Exhibit--Release of Funds Prior to the Close of Escrow, dated, June 5, 2003, for $3,900.00

[4] Exhibit-- Release of Funds Prior to the Close of Escrow, dated, July 9, 2003, for $20,000.00, (The July 9, 2003, date was inserted by Mr. Brittell. Theresa Montantes, Defendant was in San Francisco at four day convention and stayed at hotel, for five days. This form was actually filled out on June 5, 2003, for payment to a C-47 contractor.

**ESCROW OFFICER--CLEARLY WRITTEN DIRECTIONS ON THE CONTRACT WERE NOT FOLLOWED**

Both forms were redeemed, despite the note on the <u>MANUFACTURED HOME PURCHASE ORDER</u>[5], Number 902752, that reads, **This Supersedes any and all previous oral and written agreements, includes Addendum "A" and "B."** (Insurance Code 12404, subd. (c) (4), 12404, 12408.5, 12413.1, 790.02 And 790.03) (See Title Insurance 6:8, effect of delivery by escrow agent before conditions satisfied) (Title Insurance 6:27 agent's duty to hold contents of escrow until conditions satisfied)

**ALLIANCE TITLE'S ESCROW OFFICER DESCRIBED THE PROCEDURE AS THE DESTINY ESCROWS**

The Defendant, Theresa Montantes called Alliance Title and spoke with Paula Nickell who confirmed that the Destiny Escrows were very simple escrows and the forms entitled, **<u>Release of Funds Prior to the Close of Escrow</u>**, were all that was needed to process escrows for Destiny Manufactured Homes. That statement was very deceptive.

The Health and Safety Code 18039, says, "No Agreement entered into pursuant to this chapter shall contain any provision by which the buyer waives his or her rights under this chapter and and any waiver shall be deemed contrary to public policy and shall be void and unenforceable." These two corporations do not offer a choice. This is a very harmful and fraudulent business practice releasing funds without the protection and understanding of Escrow Instructions. (Unlawful Disbursal of Trust Funds, Regulation, Title 10 Section 1738.2) Both the Plaintiff and the Defendant, Destiny Manufactured Homes presented this transaction as the usual way of doing business to the Defendant, Theresa Montantes. In other, words, no alternative safe method was offered. This is an unfair business practice and a deceptive business practice. (Health and Safety Code 18060.5 (c) Financial Code 17414 (a) (2) (b) (c) (Health and Safety Code Fraud and Omission 18004.6 (a) (b) (c) (d) (Civil Code Sections 1572, 1573) (Deceit- Civil Code Section 1710)

---

[5]Exhibit-- Manufactured Home Purchase Order and Federal Disclosure Statement, 902752

**CONCEALMENT---THE CONTRACT-- NOT MENTIONED IN ALLIANCE TITLE INTERPLEADER**

For every purchase of a manufactured home a <u>MANUFACTURED HOME PURCHASE ORDER AND</u>

<u>FEDERAL DISCLOSURE STATEMEN</u>T must be filled out.  It is the binding contract that is

discussed in Health and Safety Code 18035.2, it reads:  (a) "For every sale by a dealer of a new

or used manufactured home or mobile home to be installed on a foundation system pursuant

to subdivision (a) of Section 18551, the dealer shall execute in writing and obtain the buyer's

signature on a purchase order, conditional sale contract, or other document evidencing the

purchase, and provide a statement of fact complying with subdivision (b) of Section 18035.1,

contemporaneous with or prior to the receipt of any cash or cash equivalent from the buyer

and shall establish an escrow account with an escrow agent.  The escrow shall not be subject to

section 18035.  The parties shall provide for escrow instructions that identify the fixed

amounts of the deposit and balances due prior to closing, consistent with the mutually agreed

terms and conditions of the documents evidencing the purchase and related services.

Disbursement of funds from escrow prior to delivery and installation of the unit, any accessory

structures and related services shall only be as mutually agreed upon in writing by the dealer

and buyer."

**THE UNFAIR BUSINESS PRACTICE**

Prior to Escrow and from escrow prior to delivery are two different things.  This process needs

to be defined for the industries involved.  Consumers are expecting a legal escrow transaction,

where funds and performance for those funds are safeguarded.   The releasing of funds prior

to a mutual understand, as contained in detailed escrow instructions, can significantly cut down

on the subterfuge that some manufactured housing dealers are known For.

<u>ALLIANCE TITLE IS CONCEALING</u> --<u>ATTEMPTED GRAND THEFT BY MR. BRITTELL</u>

On the way to the copy machine Mr. Brittell starting writing on the <u>Manufactured Home</u>

<u>Purchase Order and Federal Disclosure Statement</u>, Number 902752, not mentioned by Alliance

6

Title. Mr. Brittell raised the price of the manufactured home from $35,500.00, which was quoted, three times in writing on three different, Worksheets also referred to as Addendum "B[6]." The price hike: $60,000.00. This is a violation of Health and Safety Code 18061, which states:  With respect to advertising, it is unlawful: (a) To make or disseminate or cause to be made or disseminated before the in this state, in any newspaper or other publication, or any advertising device any public outcry or proclamation, or any by any other manner or means whatsoever, any statement which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or to so make or disseminate or cause to be so disseminated any statement of part of a plan or scheme with the intent not to sell any manufactured home, mobile home, of commercial coach or service so advertised at the price therein, or as advertised." On May 28, 2003 and again on June 3, 2003, prior to signing the Manufactured Purchase Order and Federal Disclosure Statement, Mr. Brittell had given, the Defendant, Theresa Montantes, two, additional, Worksheets or Addendum "B's,"[7] where the price of the manufactured home remained, $35,500.00.

 Mr. Brittell, wrote on the PURCHASE ORDER, number 902752, to the left, under,

ITIMIZED ACCESSORIES AND THEIR COSTS:  **This Supersedes any and all previous oral or written agreements include Addendum "A" and "B."**

In doing so, Mr. Brittell, cancelled all paperwork associated with this transaction, this would include, the forms, entitled, RELEASE OF FUNDS PRIOR TO THE CLOSE OF ESCROW, dated June 5, 2003 and July 9, 2003 (See footnote on page 3) or the EXECUTED WRITTEN JOINT INSTRUCTIONS, as Alliance Title calls the above forms.

The main document now is the Manufactured Home Purchase Order And Federal Disclosure

---

[6] Exhibit—Addendum "B" or the Worksheet, dated, June 5, 2003, the price of the home is $35,500.00 and price of the City of Stockton Permit is $1,100.00(actual cost $12,080.00) and the price of the foundation is $2,100.00. (actual cost is $8,000.00 to $10,000.00) All figures given are fraudulent and were used as bait.
[7] Exhibit—Addendum "B" or Worksheet, dated, May 28, 2003 and Addendum "B" or Worksheet, dated, June 3, 2003, the price of the home is consistently, $35,500.00 and the price of the City of Stockton Building Permit is quoted to be $1,100.00 and foundation is $2,100.00.  All figures contained in all the Worksheets are fraudulent.

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

Statement.  To present these forms for payment, Mr. Brittell of Destiny Manufactured Homes has committed Bait and Switch, Fraud, Grand Theft and it is an Unfair Business Practice. When the Defendant, inquired, what, are you writing?  Mr. Brittell, said, he had forgotten something.  The Defendant, Theresa Montantes was handed the photo copy of the contract and literally, rushed out of office. It took months to figure just what happened. The Defendant, Theresa Montantes was still unfamiliar with the forms.

This scheme is aided by Health and Safety Code 18014.5, which reads: "For the purpose of this part, a "net listing agreement" means any agreement entered into by a seller of a manufactured home or mobile home is not a new manufactured home or mobile home and a licensed dealer in which the sell agrees to accept a specific purchase price and a under which the dealer may receive as a commission all proceeds from the sale in excess of that purchase price".

## DISCOVERY

Alliance Title is in possession of the MANUFACTURED HOME PURCHASE ORDER AND FEDERAL DISCLOSURE STATEMENT, Number 902752, this form, would be the only form, Mr. Brittell of Destiny Manufactured Homes could legally, lay claim to the price increase for the manufactured home.  After, reading the Interpleaded, Defendant, discovered that Alliance Title is involved in deception, concealment and aiding and abetting grand theft by not mentioning the aforementioned documents, the Manufactured Home Purchase Order and Federal Disclosure Statement, the Manufactured Receipt For Deposit.  These are vital document.  In the position of a Fiduciary this concealment is an unfair business practice and additional proof that Alliance Title is not impartial.   A fiduciary has the duty to exercise the utmost care, integrity, honesty, and loyalty in dealing with its clientele.  Alliance Title has failed in the above.

## BAIT AND SWITCH

An additional comment written in after signing the Manufactured Home Purchase

Order, Number 902752, states: **"All permits and fees are estimates**

**Buyer agree to pay all fees and permits,"** This is an additional unfair business practice

this bait and switch sales tactic. Prior to signing anything, Mr. Brittell of Destiny Manufactured

Homes, assured the Defendant, Theresa Montantes that Mr. Brittell, the Defendant, had called

the City of Stockton, three times to confirm the price of the Building Permit and on three

different, Worksheets or Addendum "B," Mr. Brittell, wrote in $1,100.00, for the building

permit. Actual cost, $12,080.00. The City of Stockton latter informed the Defendant,

Theresa Montantes, that the City never gives a price prior to a set of plans going all the

way through the plan check process.

### THE DEALER OF RECORD IS SAM KNAPP

After August 21, 2003, when Mr. Brittell, the Defendant from Destiny Manufactured Homes

discovers that access to the remaining $50,300 is forbidden. The tag team begans, the Dealer

of Record, the owner, of Destiny Homes, calls, Mr. Sam Knapp. We discuss fraud, unlicensed

contracting activity, bait and switch, deceptive paperwork, and the foundation placement, the

salesman writing on the contract after it was signed, the fraudulent price increase compared to

the Worksheet or Addendum "B," release of funds prior to escrow, nothing phased or

surprised, Mr. Knapp, regarding the conduct of his employee. The Defendant, informed Mr.

Knapp, that per his contract arrangement, the 20 days had in fact expired and the contract

was now void. The Defendant, Theresa Montantes asks for a refund based on fraud and was

ignored. The Defendant, did not want any manufactured home from this company.

On September 10, 2003[8], the Dealer of Record for Destiny Manufactured Homes writes to the

Defendant, Theresa Montantes, and states or rather quotes, among other things: All

unforeseen costs and overruns will be charged against the contingency or paid by buyer before

---

[8] Exhibit—Letter from Sam Knapp, Dealer of Record, dated September 10, 2003, and an Addendum to Purchase Order, pre-signed by Mr. Knapp, and an additional Addendum "B," pre-signed by Mr. Knapp, still no GRAND TOTAL and more additional undisclosed expenditures. The Defendant, request a refund due to fraud and was ignored.

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

occupancy. Mr. Knapp attempts to clean up the outrageous behavior his employee, Lee Brittell, by shifting funds to various categories. In his letter, Mr. Knapp says, my deposit is $7,915.00 and not the $20,000.00 Mr. Brittell claims on the Manufactured Home Receipt for Deposit, Number, 602464. The Dealer of Record also refers to this transaction as an escrow.

The defendant, Theresa Montantes, additionally, referred to the remaining portion of the statement, on the Worksheet or Addendum "B," which reads, **"Actual cost will be determined and agreed upon after receipt of final bid."** There is no form that states a final bid and the Defendant, Theresa Montantes, did not agree to any of the additional expenses.

The defendant, pointed out it did not matter what was written on any form because the contract had in fact expired and all the conditions were never met. The Defendant, pointed out that, Mr. Brittell had cancelled out the original signed, Worksheet, or Addendum "B," in his greed to obtain, an extras $25,000.00 in commission. The Defendant, Theresa Montantes asked for a refund of funds due to fraud, unlicensed contracting activity, bait and switch and was ignored.

Mr. Knapp, additionally, corresponded with the Defendant, Theresa Montantes, through several attorneys, attempting to place the Defendant, Theresa Montantes under duress, to conclude this fraudulent transaction. Mr. Knapp, showed up at the Defendant, Theresa Montantes, home and boxed the Defendant, Theresa Montantes in a car, which contained, a few of the Defendant, Theresa Montantes, associates, in the driveway. Mr. Knapp, instructed his limousine driver to block the driveway. The limousine driver opened the door for Mr. Knapp to exit. However, the Defendant, Theresa Montantes had informed the entire neighborhood of the activities of Destiny Manufactured Homes and Alliance Title and asked the neighborhoods to watch for suspicious activity. When several of the neighbors saw this event they came out of their homes. Mr. Knapp quickly, instructed his limousine driver to close the door and get back in the limousine and they fled the scene.

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

## THE DEPARTMENT OF HOUSING AND DEVELOPMENT MANUFACTURED HOUSING DIVISION

When, the Defendant, Theresa Montantes reported this behavior to the Department of Housing and Community Development Manufactured Housing Division, they were aware of these intimidating tactics on a few additional cases, that the, Department of Housing and Community Development Occupational Licensing Manufactured Housing Division, had investigated throughout the years and this department has allowed this behavior to go on for thirty years, according to a retired investigator.

The State of California had not enforced the Federal standards upon the Manufactured Housing Industry in California and the Department of Housing and Community Development Occupational Licensing and Manufactured Housing is overburdened, ineffective and compromised, in the Defendants, opinion.

Mr. Dan Fitzgerald of the California Department of Housing and Community Development Manufactured Housing Division, did tell the Defendant that the price of the foundation as quoted by Mr. Brittell on the Worksheet or Addendum "B" was definitely not the cost of a foundation.  The more accurate price of $8,000.00 to $10,000.00 that was quoted by the additional unlicensed subcontractor, Mr. Cleon Thompson from Cleon Thompson Construction of Sacramento, California was correct.  However, Mr. Fitzgerald, while giving the Defendant, Theresa Montantes, permission to quote Mr. Fitzgerald, regarding the accurate cost of a foundation, to be the price quoted by Mr. Cleon Thompson, and not the price quoted three times by Mr. Brittell on three different Worksheets or Addendum "B," based on his years in the Department of Housing and Community Development Manufactured Housing Division.  Mr. Fitzgerald, took no action against Destiny Manufactured Homes for bait and switch sales techniques nor did the investigator, from the Department of Housing and Community Development Manufactured Housing Division, Mr. Lyle Curry.  This department did soft

peddle, back peddle and soften the fraud committed by the Defendant, Destiny Manufactured Homes and after four years, this Defendant, now calls it Grand Theft by an unlicensed contractor.

## ON RETAINER

Quite a few attorney's in the valley are on retainer not to take cases of complaint regarding the Manufactured Housing Industry or Alliance Title. Alliance Title employs a sitting judge as C.E.O. of one of its corporate divisions. Quite a few attorneys have used Alliance Title for their real estate needs in the San Joaquin Valley. This Defendant knows for a fact, based upon past experience, a fair and impartial hearing is not possible in such a compromised environment. Quite a few attorneys belong to the Rotary Club were talk of this problem has been the subject of much discussion. Other legal professionals are in a compromised position by owning stock in Alliance Title or Mercury Inc.

## THE ONLY AGENCY TO TAKE ON THE MANUFACTURED DEALER OF RECORD

On November 24, 2004, Mr. Lee Brittell and Destiny Manufactured Homes received a Violation Warning Letter,[9] from the Contractors State Licensing Board. The Violation was issued for the Business and Professions Code 7028, Entered into a contract to provide work a t a time when the contractors license had not been issued. The Defendant, Theresa Montantes obtained a Certification of Records[10], from January 1, 2002 through August 5, 2005, Destiny Manufactured Homes is not a licensed California Contractor.

## IT PAYS TO HAVE POWERFUL FRIENDS IN HIGH PLACES

Several Senators are responsible for removing the C-47 licensing from the State Contractors Board and have successfully, written legislation which now considers this a new crime, to act as an unlicensed contractor, in the category of a C-47. The C-47 Manufactured Licensing existed through the State Licensing Board when this Defendant, was involved in this transaction. This

---

[9]Exhibit- Violation Warning Letter from the Contractors State License Board, dated November 24, 2004
[10] Exhibit—Certification of Records from the Contractors State License Board

Defendant specifically asked for this type of contractor and Destiny's Representative put TBD on the contract. Removing the power to discipline helps hide all the unlicensed activity and prevents any outside agency from disciplining the manufactured housing industry dealers. Senator Machado and Senator Lowenthal have each fathered bills that have changed not a few laws on behalf of the manufactured housing industry in the last four and a half years.  One of the Senators has introduced a handful of legislation that includes revamping laws and introduced new laws on behave of the manufactured housing industry and these procedures are fleecing the unsuspecting public in search of the American Dream.

### ANOTHER MILD CITATION

On June 14, 2005, Sam Knapp received a Citation Notice from the California Department of Housing and Community Development, Occupational Licensing, Manufactured Housing Division, [11]for $100.00, for failure to exercise reasonable supervision over the activities of  employees who negotiate or promote the sale of manufactured homes, in violation of Health and Safety Code 18060.5 9 (h) and a few other violations for a total of $500.00. However, this Department did not secure the return of any funds to the Defendant, Theresa Montantes. Sam Knapp, who is the Dealer of Record for Destiny Manufactured Homes of Manteca and Custom Manufactured Homes of Santa Rosa, additionally, purchased,  Contemporary Construction, whose license was borrowed to secure the City of Stockton, permit. Mr. Knapp became the C. E. O. of Contemporary Construction.  This construction company, additionally, did not possess the necessary C-47, Specialty License, which is a, General Manufactured Housing Contractor License[12].  All this activity, just to prevent, this Defendant, Theresa Montantes from securing the return of her own funds and or to cover over unlicensed activity.

---

[11]Exhibit- California Department of Housing and Community Development, Citation No. LC05-05,  date June 14, 2005
[12] Contractors License Law and Reference Book:  Chapter 13, 832.47 Class C-47 GENERAL MANUFACTURED HOUSING CONTRACTOR

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

Although, the unsigned Escrow Instructions do not mirror the Health and Safety Code 18551

(b) (c) (d) neither Lyle Curry nor Dan Fitzgerald of the Department of Housing and Development

Manufactured Housing Division, seemed alarmed that the manufactured home was going to be

dropped off unassembled and Destiny Manufactured Homes would have run of with all of

the Defendant's funds. The fine for dropping off a home unassembled and taking the

client's fund is $100.00. Once the client signs the Escrow Instructions, it makes this behavior

perfectly, legal. This Defendant, Theresa Montantes said, No, thank you.

## HARRASSMENT

Every time the Defendant, Theresa Montantes contacted an organization for help. Construction

workers would use the Defendant, Theresa Montantes yard as a dumping ground

for beer bottles, cigarette butts, old clothes and the like, throwing trash in and around the

defendant's home was a regular routine. The defendant, Theresa Montantes vehicle was not

immune either. A stolen vehicle showed up parked and running in my mother's driveway

stolen from our old neighborhood. In Oregon three stolen vehicles have appeared across

the street from the Defendant, Theresa Montantes, home since the move to Oregon.

Telephone harassment was a weekly event.

## GRAND THEFT BY MR. BRITTELL AND FRAUDULENT CONCEALMENT BY ALLIANCE TITLE

It was fraud and grand theft, on the part of Mr. Brittell, to present the form entitled,

RELEASE OF FUNDS PRIOR TO THE CLOSE OF ESCROW, dated June 5, 2003, for payment, after

Mr. Brittell, of Destiny Manufactured Homes of Manteca, Inc., had in fact, voided all the

paperwork filled out on June 5, 2003, with the statement made on the face of the

 Manufactured Home Purchase Order and Federal Disclosure Statement, dated June 5, 2003,

which reads: **This Superseded any and all previous oral or written agreements includes**

**addendum "A" and "B."** The fact, that Alliance Title is silent regarding the Manufacturer's

Purchase Order, Number 902752, which is a vital document, needed in escrow for the purchase

of a manufactured home, speaks silently, for it self.

Alliance Title has failed to act impartially and has knowingly and recklessly disbursed these funds. Alliance Title has aided and abetted Destiny Manufactured Homes of Manteca, in its underground economy. (Financial Code 7414 (a) In Howard V. Superior Court (1992) 2 Cal App.4th 745, the Court stated that "aiding- abetting focuses on whether a defendant knowingly gave "substantial assistant" to someone who performed wrongful conduct. (Gerard V. Ross (1988) 204 Cal App. 3d 968) Section Penal Code 484's defines theft and grand theft, includes knowingly and designedly by false or fraudulent representation or pretense, defrauding any other person of money, labor or personal property. (See additionally, Sections of the Penal Code 489, 487) (Financial Code 174ll (a) (1)

### ANOTHER REASON FOR CONCEALMENT

California Law differentiates between a down payment and a deposit.  A deposit is not refundable, without court action.  A down payment is refundable.  Mr. Brittell, Defendant of Destiny Manufactured Homes, declares on the **MANUFACTURED HOME PURCHASE ORDER AND FEDERAL DISCLOSURE STATEMENT**, that, the down payment is $80,000.00.   The Health and Safety Code, 18035.1 (3) says, A statement of the specific amount of the deposit, down payment, or other category of funds required to be placed in escrow prior to closing and a warning that the deposit may be withheld in escrow in case of a dispute between the purchaser and the dealer.   Alliance Title is not a neutral third party to this cause.  Alliance has illegally held these funds.  Alliance Title has taken great effort to conceal the behavior of Alliance Title's clientele, Destiny Manufactured Homes of Manteca, the Defendant.

### ANOTHER DOCUMENT THAT ALLIANCE TITLE HAS CONCEALED FROM THE COURT

The Defendant, Theresa Montantes has become keenly, aware after reading the Interpleader that, the Defendant, Theresa Montantes, financial loss is caused by criminal means.  The

Interpleader does not mention a second vital document used when purchasing a manufactured home. The additionally, concealed document is the <u>Manufactured Home Receipt For Deposit</u>[13], number 60264.   Mr. Brittell does not show any funds being deposited into escrow. There is $80,000.00, 1st deposit toward purchase and a $20,000.00 amount of designated deposit, but no funds, what so ever, deposited in to Escrow.  In fact, the line that states: TOTAL DOWN PAYMENT INTO ESCROW:  is blank.  Even the line that states:  DATE TO ESCROW:  is blank.  The line that says:  SPECIFIED OTHER PAYMENTS TO ESCROW INCLUDING ESCROW FEES: is additionally, blank.  This is Grand Theft, Concealment of the Grand Theft, Aiding and Abetting Grand Theft, and a Breach of Fiduciary Duty and most certainly an Unfair Trade Practice.  Alliance Title is not neutral party to this failed transaction.  Alliance Title has no legal documentation to demonstrate that from the very beginning of this transaction, that Mr. Brittell of Destiny Manufactured Homes, ever, intended to deposit any of these funds into a legal escrow.  These actions on the part of Destiny Manufactured Homes of Manteca were ok with Alliance Title as long as the consumer remained ignorant.

### THE FORMS THAT WERE HONORED AT ALLIANCE TITLE

The name of the two forms that were presented and honored, are entitled: <u>RELEASE OF FUNDS PRIOR TO THE CLOSE OF ESCROW</u>.  Alliance Title calls, these forms, in the Interpleading document, **EXECUTED WRITTEN JOINT INSTRUCTIONS**.  The financial code (174li) state, No person shall knowingly keep or cause to be kept any funds or money in any bank or state or federal savings and loan association under the heading of "trust funds" or "escrow accounts" or any other name designating such funds or money as belonging to the clients of any escrow agency, except actual escrow or trust funds deposited with such agency.  Alliance Title allowed their client, Destiny Manufactured Homes to set the tenor of this transaction and Alliance Title needs to be consistent in returning these funds, to the depositor, Theresa Montantes.

---

[13] Manufactured Home Receipt for Deposit, number 60264, dated June 5, 2003

## SERVICES UNRELATED TO THE BUSINESS OF TITLE

Alliance Title provides banking services, check cashing services and wire transfer of fund for Destiny Manufactured Homes outside of an escrow and unrelated to the business of providing title search. This is called Rebating. It is an unfair business practice. It is a violation of the Financial Code 17420, it says, "except, for the normal compensation of his own employees, it shall be a violation of this division for any person subject to this division to pay over to any other person any commission, fee, or other consideration as a compensation for referring, soliciting, handling, or servicing escrow customers and accounts. It shall also be a violation for any person to enter into any arrangement, either of his own making or of a subsidiary nature, or through any other person having a dual capacity or through an person having a direct or indirect interest in the escrow, or other device permitting any fee, commission, or compensation which is contingent upon the performance of any act, condition, or instruction set forth in an escrow to be drawn or paid, either in whole or in part, or in kind or its equivalent, prior to the actual closing and completion of the escrow." (Insurance Code 12404, subdivision (a) (c) (2) and (6) Business and Professions Code 17536, 17535, 17203, 17204, 17411, 17200, 17403.1) Providing, check cashing or converting the consumers funds prior to a escrow transaction is a direct violation of the Insurance Commissioners Bulletin Number 96-10, #5. It is additionally, an unfair and unlawful business practice. (Section 17200 of the Business and Professions Code) Financial Code 3390, states, No person which has not received a certificate from the commissioner authorizing it to engage in the banking business shall solicit or receive deposits, issue certificated of deposit with or without provision of interest, make payments on check, or transact business in the way or manner of a commercial bank, industrial bank or trust company.

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

## STEERING UNSPECTED VICTIMS

Steering is how Alliance Title receives a good deal of its business transactions.[14] The Defendant,

Theresa Montantes was steered into using Alliance Title, by Mr. Lee Brittell, who said, make

the cashiers check payable to Alliance Title because that is the title company we use.

## THE CALL FROM CITY PLANNING

About mid July, 2003, the Defendant, Theresa Montantes receives a call from the

City of Stockton Planning Department.  The Defendant, Theresa Montantes learns that neither

Destiny Manufactured Homes of Manteca nor Mr. Brittell is not a manufacturer of homes.[15]

Mr. Brittell is not a subcontractor or a contractor[16]. Additionally, City Planning said, a mobile

home foundation was submitted to the Plan Check Department by Contemporary Construction

whose license was borrowed to obtain the Building Permit.  However, the plans were rejected

as improper in a residential neighborhood.  The Defendant, Theresa Montantes ask for a refund

of all funds due to fraud, about mid-July and was ignored.

(California Code of Regulations, Division 8 Title 16 Article 3, under Classification for C-47)

(K and K Services Inc. V. City of Irwindale (1996) 46 Cal App 4th 818,826) (Business and

Professions Code 7028)

## MR. BRITTELL BEGINS TO ACT LIKE A CONTRACTOR AND A SUBCONTRACTOR

Funds in the amount of $29,700.00 were released, between, on June 6, 2003 and July 9, 2003,

to the designer of the RELEASE OF FUNDS PRIOR TO THE CLOSE OF ESCROW, forms, Mr. Lee

Brittell, of Destiny Manufactured Homes of Manteca, who, somewhere, in the intern, this Office

Manager and Salesman, began, for what ever reason, to function as an unlicensed contractor,

unlicensed sub-contractor and an unlicensed Real Estate Broker.    TBD or To Be Determined

---

[14] Craigslist advertisement, dated October 10, 2007, stating, "Seller will pay all escrow fees and give $2,000.00 credit, if you go through Alliance Title." Alliance Title allows its business clientele to experiment with various forms of Rebating.

[15] License Inquiry-Additional Requirements-contractors number 806176, does not belong to Destiny.

[16] City of Stockton License Mastery Inquiry, Destiny, professes to be a Sub-contractor, even as last as 2005

was written on the <u>Manufacturer Home Purchase Order</u>, Number 902752 and Mr. Brittell

promised to call with the name of the contractor. The Defendant, Theresa Montantes never

received that call and Mr. Brittell never hired a C-47 Contractor to install the manufactured

home. Mr. Brittell fills out paperwork with Stockton Unified School District telling the District

that Destiny Manufactured Homes is a Developer and an Erector of Residential Buildings and

is granted a Certificate of Compliance[17] for Developers.

### VARIETY OPINIONS FROM ALLIANCE TITLE EXECUTIVE'S

The Escrow Officer, Paula Nickell[18] said she complied with Escrow Instructions, in her letter of

September 2, 2003. Terry Harwell, Division President,[19] said, Alliance Title can not release

funds in an Escrow without mutual instructions, in his letter dated August 4, 2004. Mr.

Vaughn, Executive Vice President[20] of Alliance Title's Campbell Office, stated in his letter to the

Defendant, Theresa Montantes, dated August 27, 2004; this is the risk that individuals take by

agreeing to release funds prior to the consummation of the transaction.

(California Civil Code 1057.3 (a) (b) (1) (2) (3) and 1057.5)

### UNFAIR TRADE PRACTICE

When funds were released to Mr. Brittell they were prior to escrow. When the

Defendant, Theresa Montantes ask for these funds back, they are now classified as Escrow

Funds. Banking services outside escrow and unrelated to title, is a dangerous and unfair

business practice. (Business and Professions Code 17200) Health and Safety Code 180059.5,

says, With respect to escrows and sales practices, it is unlawful to do any of the following: (b)

Intentionally withhold or provide false information to an escrow company or to any person or

firm holding or acquiring an ownership or security interest in the manufactured home or mobile

home being sold or purchased. When funds were released to Mr. Brittell of Destiny

---

[17] Stockton Unified School District Certificate of Compliance, a Developers Fee, from Destiny Manufactured Homes
[18] Letter from Paula Nickell, Escrow Officer for Alliance Title, dated, September 4, 2003
[19] Letter from Terry Harwell, Division President, Alliance Title, dated, August 4, 2004
[20] Letter from Warren Vaughn, Executive Vice President, Alliance Title, dated August 8, 2004

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

Manufactured Homes of Manteca, they were not considered Escrow funds.

(Business and Professions Code 10130)   (California Code of Regulations, title 10, Section

1740.1) (California Code of Regulations, title l0, Section 1738.2) Insurance Code 790,

## ESCROW INSTRUCTIONS REJECTED AND UNSIGNED-- NOT ACCURATE REFLECTION OF INTENT

Escrow Instructions arrived on August 18, 2003, August 19, 2003[21], September 12, 2003 and

again, on, November 4, 2003.  All remained unsigned, by the Defendant, Theresa Montantes,

due to fraud.  The problems were numerous. The house would be delivered, not installation

and there would be no foundation. Escrow Instructions, stated, the home would not meet the

Health and Safety Code.  The Dealer of Record decided vesting.  A loan-tie-in was provided.  I

did not ask for a loan. The driveway, patio, and carport were not mentioned.  Alliance Title

would act as a Depository Only, additional billing handled outside of escrow. The list can go on

and on, about 42 problems, all caused by Mr. Brittell cancelling all the additional paperwork.

## ALLIANCE TITLE IS CONCEALING THE FACT THAT THERE IS NO VALID CONTRACT

The original contract is not valid.  In California, since 1972, California Corporations Code,

Section 313, subsection (a) Section 208, document must be signed by two officers.  This

includes, a note, a deed, a contract, or other written instructions. (Nubal V. Flight Ways

Manufacturing (1998) 64 Cal. App. 4 816) The MANUFACTURED HOME PURCHASE

ORDER AND FEDERAL DISCLOSURE STATEMENT, Number 902752, is signed, only, by Mr. Lee

Brittell, Salesman and Office Manager.

## HIDING THE CLOSING DATE STAMPED ON THE CONTRACT FROM THE COURT

All listing agreement must have a closing date, according to the, Health and Safety Code 18062

which reads:  It is unlawful for a dealer to do any of following: (a) Enter into a listing

---

[21]Detailed, Escrow Instructions, dated August 19, 2003, from Alliance Title, rejected because of lending language, especially, noteworthy, Vesting to be determined from Designation of Co-Owner Term as submitted to Dealer herein, the Defendant is a widow and was using the proceeds of a life insurance policy and did not ask for a loan and did not fill out paperwork for a loan and yet, there was a Loan-tie-in arrangement, lenders and borrower's language, etc.

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

agreement that does not include a specified date upon which the agreement is to terminate.
The **MANUFACTURED HOME PURCHASE ORDER AND FEDERAL DISCLOSURE STATEMENT,**
**902752,** which is the, **contract,** is stamped with this statement: **All contracts will expire in 20**
**days from date of contract if financing is not approved and all conditions met.** The
Defendant, Theresa Montantes, initialed this portion, as the financier. Destiny Manufactured
Homes had not met the condition of the contract. An appropriately licensed contractor was not
hired. Alliance Title and Destiny Manufactured Homes still needed the Defendant, Theresa
Montantes financial approval for this project. When the appropriately licensed contractor, a C-
47 Manufactured Housing Contractor, was not hired and this contract did not have, the
Defendant, Theresa Montantes approval and all conditions were not met, within those 20 days.
The contract had in fact expired when Mr. Brittell had presented the second form at Alliance.
Mr. Brittell, the Defendant, of Destiny Manufactured Homes of Manteca, cashed the form
entitled, **RELEASE OF FUNDS PRIOR TO THE CLOSE OF ESCROW,** fraudulently and despite what
Mr. Brittell had written on the MANUACTURED HOME PURCHASE ORDER, 902752. **This**
**Supersedes any and all previous oral and written agreements   includes Addendum A and B.**
Mr. Brittell of Destiny Manufactured Homes of Manteca, Inc., and started acting like a
contractor. This behavior did not have, the Defendant, Theresa Montantes, financial approval.
In the absence of Escrow Instructions an Escrow Officer is to go by the contract, in this case the
contract is the, **MANUFACTURED HOME PURCHASE ORDER AND FEDERAL DISCLOSURE**
**STATEMENT,** Number 902752. Alliance Title's Escrow Officer, Paula Nickell did not follow
clearly written directions on the MANUFACTURED HOME PURCHASE ORDER AND FEDERAL
 DISCLOSURE STATEMENT.

### THE THIRD FORM

The remaining balance of $50,300.00, is from, a form, that was additionally, designed
by the Defendant, Mr. Lee Brittell of Destiny Manufactured Homes, it is entitled, **ESCROW**

INSTRUCTIONS[22], and is dated June 14, 2003.    The defendant was lured to the office of Destiny

Manufactured Homes to pick out carpet, flooring, cabinets, and tile.  This form was placed

before the Plaintiff, Theresa Montantes and presented as Escrow Instructions.  Mr. Brittell

did not tell, the Defendant, Theresa Montantes that he had redeemed the one form

entitled, <u>RELEASE OF FUNDS PRIOR TO THE CLOSE OF ESCROW</u>.  These funds were to give to the

duly appointed C-47 contractors, to secure the permits.   Mr. Brittell, the Defendant,

said, the Escrow Agent had a difficult time understand the other forms. This form is

rather difficult to figure out, in retrospect, its true amount of funding is vague or obscure,

perhaps, the U. S. District Court can determine the intent, of the designer, Mr. Lee Brittell of

Destiny Manufactured Homes of Manteca.  In, retrospect, the Defendant, believes, this

form, entitled, <u>ESCROW INSTRUCTIONS</u>, was designed to cover over that fact, that previous

funds were released prior to escrow.  None, of the, above mentioned forms meet the

Uniform Commercial Code for a pay instrument because of the good and services mentioned.

(U.C.C. Article 3-Negotiable Instrument, Part 1 General Provisions and Definitions 3-104

Negotiable Instrument (3) does not state any other undertaking or instruction.)

### A RUN ON THE REMAINING FUNDS IN THE AMOUNT OF $50,300.00

When it became clear to Destiny Manufactured Homes Salesman and Office Manager,

Mr. Brittell that, the Defendant, Theresa Montantes was not going to be bullied into signing

the Escrow Instructions dated August 19, 2003.  On August 21, 2003, in the bowels of

disputes regarding fraud, unlicensed contracting activity, prior to escrow banking, and

 rebating, the Defendant, Mr. Brittell, of Destiny Manufactured Homes of Manteca, presents,

the form, entitled, ESCROW INSTRUCTIONS, dated June 14, 2003, for payment at Alliance Title.

The Escrow Office, Paula Nickell, of Alliance Title refused to wire transfer the remaining,

---

[22] Escrow Instructions, dated June 14, 2003, Alliance Title allowed their business clientele to act as attorneys, making up unauthorized forms.

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

$50,300.00. Suddenly, this form that states, it is Escrow Instruction, was not considered a legal document because it did not take away, Alliance Title's responsibility to repay the funds. This was related to me by the Escrow's Officer's Assistant. Thus, the remaining $50,300.00, has been held since 2003.

<u>**ILLEGAL ACTIVITY WAS NOT GROUNDS TO STOP THIS TRANSACTION**</u>

The Business and Professions Code 7026.2, says, (C) **"CONTRACTOR"** does not include a seller of a manufactured home or mobile home who holds a retail manufactured home or mobile dealer's license under Chapter 7 (commencing with Section 18045) of Part 2 of Division 13 of the Health and Safety Code, if the installation of the manufactured home or mobile home is to be performed by a **licensed contractor** and the seller certifies that fact in writing to the buyer prior to the performance of the installation. The certification shall include the name, business address, and **contractor's** license number of the **licensed contractor** by whom the installation will be performed. Alliance Title should have known how to conduct an escrow on a manufactured home that was to be installed on a fixed and real foundation. (Financial Code 33060) (Manufactured Housing Construction and Safety Standards Act of 1974) 42 U.S.C. Section 5401 et seq 18007 Manufactured Home—Mobile home and Manufactured Housing Act of 1980) (A Guide to Purchasing Mobile and Manufactured Homes, July 1998, Compliments of the Senate Select Committee on Mobile and Manufactured Homes) (Health and Safety Code 18551, 18020)

<u>**THE COORDINATOR**</u>

On June 14, 2003, Mr. Brittell, the Office Manager, snatched this form out of my file, when he saw it and stated," I'll do this for free." On a form, entitled, <u>COORDINATOR</u>, Mr. Brittell, the Defendant, of Destiny Manufactured Homes list himself, as the coordinator for the Montantes project. However, Coordinator, it is still listed on the Worksheet, additionally, called Addendum "B" and the fee was $400.00. Mr. Brittell, knew what he was doing was wrong.

If one and all of the above named persons were licensed contractors, they would have all come after the Defendant, with liens.  (Business and Professions Code 7163 (a) (1) (Hydrotech System Ltd. V. Oasis Waterpark (1991) 52 Cal 3d 988>277Cal. Rptr 517. 803 P 2d 370 California Supreme Court, Page 255) As, it is none of the above persons possessed a General Manufactured Housing Specialty License.

## ADDITIONAL FICTITIOUS AND UNLICENSED PLAYS

On the form entitled, To Whom It May Concern,[23] list additional players, so that no one is considered fictitious, Ross Bevier, Theodore Madison, Sam Knapp and Maurice Knapp are all named as persons could obtain the building permit.  On a form entitled, CONSULTING AGREEMENT,[24] Maurie Knapp, is solely named as the individual who would, as the paper states, "Use due diligence to obtain the permits required to place a new manufactured home at 2458 S. Madison.

## ANOTHER FITICITIOUS AND UNLICENSED SUBCONTRACTION

The unlicensed contractor, Cleon Thompson, of Cleon Thompson Construction, was digging the foundation, despite being asked to stop, had allowed his contractors license to lapse.  According, to Cleon Thompson, Mr. Thompson wanted to retire.  According, to the City of Stockton Inspection History Report[25] the foundation placement does not reflect approved plot plan.  Mr. Thompson at first was unaware of any dispute. Late in the month of August of 2003, Mr. Thompson and three employees were digging the foundation.  The defendant, Theresa Montantes explained to Mr. Thompson, that Mr. Brittell was also unlicensed and not in a position to supervise this project.  The Defendant, Theresa Montantes asked Mr. Thompson to leave the property. Mr. Thompson showed up the next day and informed the Defendant, Theresa Montantes, that Mr. Thompson was authorized to dig the foundation by Mr. Lee

---

[23]Exhibit– To Whom It May Concern,  additional persons authorized to obtain the City of Stockton Permit
[24] Exhibit--CONSULTING AGREEMENT,  additional persons authorized to obtain the City of Stockton Permit
[25]Exhibit– City of Stockton, Inspection History Report, foundation placement does not reflect  approved plot plan

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

Brittell. The Defendant, Theresa Montantes showed Mr. Thompson the Worksheet or

Addendum "B" and asked if Mr. Thompson the foundation was going to cost, $2,100.00. Mr.

Thompson looked puzzled and left the property. However, the next day Mr. Thompson

is back digging and setting the foundation placements. Mr. Thompson, said he was going to

bill Mr. Brittell for $8,000.00 to $10,000 for the foundation, which would be the actually

cost. The defendant, asked Mr. Thompson, if he realized that an unlicensed contractor

could not collect anything. Mr. Thompson and his crew packed up and left, only to return

days later. The several days latter, Mr. Thompson said he did even know a C-47, licenses was

necessary to install a manufactured home, with no proof of license and no proof of liability

insurance, the Defendant, ask, Mr. Thompson to leave the property or risk being arrested.

## UNFAIR TRADE PRACTICE

After reading the Interpleader, the Defendant, Theresa Montantes now sees Grand

Theft by Design and Aiding and Abetting Grand Theft and Grand Theft by False Pretenses as

set out in the Interpleading document and carefully contrived concealment of Grand Theft

and Unfair Business Practices on the part of both corporations.

In Howard V. Superior Court (1992) 2 cal App. 4th 754, the Court Stated that "aiding and

abetting focuses on whether a defendant knowingly gave "substantial assistant" to someone

who performed wrongful conduct. (Gerard V. Ross 1988 204 Cal App. 3d 968)

1.    Alliance Title is allowing its clientele to using misleading forms.  The letters from

several of their executives can not even agree on how to name the pre-escrow transaction.

However, cashing forms and then calling that procedure an escrow, is fraud, prior to a mutual,

signed set of Escrow Instruction.  Alliance Title is involved in a very harmful and unfair business

practice.  All of the above trade practices are devastating to the consumer.

2.    Destiny Manufactured Homes of Manteca and Alliance Title are a very dangerous

financial combination.  Alliance Title is guilty of supporting and concealing the underground

economy of Destiny Manufactured Homes of Manteca and aiding and abetting this corporation

to take unfair advantage of people seeking a less expensive means of shelter.

## EXCEEDED SCOPE OF AUTHORITY

1.    Alliance Title is not a Banking Institution as defined in the Federal Reserve Act, Section 19 (b) (1) and (A).  Alliance Title is to act as a Money Transmitter, inside, of a legitimate escrow or title business.  By cashing the above mentioned cashiers checks that the Defendant, Theresa Montantes, made out to Alliance Title, the Plaintiff, is involved in unlicensed commercial banking. (Financial Code 866, (a) (1-5) (a) (b)

Financial Code 3390.  "No person which has not received a certificate from the commissioner authorizing it to engage in the banking business shall solicit or receive deposits, issue certificates of deposit with or without provision of interest, make payments on check, or transact business in the way or manner of a commercial bank, industrial bank or trust company."

Alliance Title rendered check cashing services unrelated to title business, and outside of an Escrow, in direct violation of Insurance Commissioner Bulletin number 96-10, #5.

2.    Alliance Title, the Defendant and Destiny Manufactured Homes,  have, together schemed, to violated Health and Safety Code 18035 (k), which states, "No agreement shall contain any provision by which the buyer waive his or her rights under this section, and any waiver shall be void and unenforceable."  All of the forms honored at Alliance Title restricted the Defendant, rights to a legitimate escrow procedure.

3.    Under the Business and Professions Code 703l, an unlicensed contractor must disgorge all funds taken in which a contractors license is required.  The $29,700.00 was released as stated on the form, for permits, foundations, etc.

## ALLIANCE TITLE WAS ACTING LIKE A JOINT CONTROL AGENT

1.    Alliance Title allowed Destiny Manufactured Homes, Office Manager, to change, the Escrow Officers, job description, to a Joint Control Agent, something, Ms. Nickell is not

licensed to perform, nevertheless, the law defines a Joint Control Agent at California Financial

Code 17005.1, which states, "A person engaging in the business of receiving money or other

property for disbursal or use in payment of the cost of labor or materials, services,

permits, fees, or other items of expense incurred in the construction of improvements upon

real property.  As used in this section, "in the business" means the conduct of the aforesaid

transaction either for compensation or without compensation as a primary business or as

an incidence to another business, but shall not mean the conduct of the business of real

estate lending or of acting as an authorized representative, agent or loan correspondent for

such a lender."  Alliance Title has declined to fulfill its obligation regarding the permits and

foundation and any additional goods and services.   The form entitled, RELEASE

OF FUNDS PRIOR TO THE CLOSE OF ESCROW, did not allow Alliance Title to evade the

responsibility to ensure that the permit was handled by the appropriate contractor or that

the foundation was in the right spot or installed by the appropriately licensed contractor.

    2.   California Law describes as necessary, a Construction Contract and it is

described by the Business and Professions Code 7159, after July 1, 1991 and January 1, 1994

Article C, states, that, "The schedule of progress payments must specifically describe each

phase of work, including the type and amount of work or services scheduled to be supplied

in each phase, along with the amount of each proposed progress payment."

    3.   Alliance Title aided and abetted Destiny Manufactured Homes to conduct their business

in an insolvent manner, gaining access to the customers funds prior to escrow.

    4.   Neither forms, entitled, "RELEASE OF FUNDS PROR TO THE CLOSE OF

ESCROW" was properly endorsed. (Corporations Code, Section 313, Subdivision (a)

Section 208) (Cooper v. Union Bank (1973) 9 Cal 3d 371, 380) (Sun and Sand v. Union

California Bank (1978) 21 Cal 3d >p 671, pg 695) (Joffe V. Union California Bank (1983)

141 Cal. App. 3d >541) (E. F. Hutton Co V. City National Bank (1983) 149 Cal. App 3d> 2, 60, 6

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

These forms denied, the defendant, Theresa Montantes, a legal escrow.

### BREACH OF FIDUCIARY DUTY

1.    Alliance Title, Plaintiff and Destiny Manufactured Homes of Manteca, individually and together have no legitimate mutually signed set of real Escrow Instructions.  Although, Alliance Title continues to call this transaction, "The Alliance Title Escrow," the Financial Code 17403, says, No person subject to this division shall describe as an escrow whether orally, in writing or electronically any transaction that is not defined as such in Section 17003.

2.    Alliance Title, Plaintiff and Destiny Manufactured Homes, Defendant have breached their trust obligations and violated Health and Safety Code 18060.5 (c), "Regarding business practices, it is unlawful to do any of the following:  Cause the state of any person to suffer any loss or damage by reason of any fraud or deceit practiced on them or fraudulent representations made to any person in the sale or purchase of a manufactured home, mobile home or commercial coach or parts or accessories thereof." (Business and Professions Code 7057)  The June 14, 2003, form, entitled, ESCROW INSTRUCTIONS, is a fraudulent concealment, of the fact, that funds in the amount of $29,000.00, were previously released prior to an mutually signed set of escrow instructions.

3.   Alliance Title, Plaintiff and Destiny Manufactured Homes, Defendant have by designed, by scheme and by deception, continued to call this transaction an escrow.  Alliance Title and Destiny Manufactured Homes have retained funds in the amount of $80,000.00, by fraud.

4.    Alliance Title released additional, funds in the amount of $20,000.00, after the 20 day closing period as stamped on the **MANUFACTURED HOME PURCHASE ORDER AND FEDERAL DISCLOSURE STATEMENT**, 902752, dated, June 5, 2003.

### CALIFORNIA UNCLAIMED PROPERTY DEPARTMENT

Alliance Title has thrown the remaining $50,300.00, after holding on to these funds for four and a half years, at the California Superior Court, San Joaquin County for two reasons.

2.   Alliance Title hopes to avoid paying the penalties for not reporting these funds to the

California Unclaimed Property Department, for, whom, they have an accounting.

Alliance Title is in violation of California Civil Procedure Code 1530 and 1532, Subdivision (a),

regarding, Unclaimed Property.  Alliance Title thought a helpful Senator would rewrite

legislation to extend the time that a business could hold on to unclaimed funds, from three

years to seven and when this did not materialize, the funds were thrown at the court, so

Alliance Title could avoid paying a penalty, for not reporting these funds.  At present, the

California Unclaimed Property Department is Toothless and can not make any request.

### RESPECTFUL REQUEST OF THE U. S. DISTRICT COURT

1.   The Defendant, Theresa Montantes. prays, under the above three jurisdictions, as

intended by our founding fathers, this court will hear and rule decisively in favor of the

Defendant, Theresa Montantes and return all $80,000.00, plus interest.

There are no factual issues requiring a trail.  The Plaintiff's, Alliance Title's, attorney, stated on

the cover sheet for the interpleader, this is a simple complaint.   There is no valid contract to

this transaction and fraud was the original basis of that contract.

2.   Defendant, Theresa Montantes, prays, the Court, dispenses with the postponements,

stall tactics, political and judicial favoritism, legal influence, false representations and look at

the intrinsic evidence and have Alliance Title, Destiny Manufactured Homes and Mercury, Inc.

as Alliance Title's parent company return all funds, the sum of $80,000.00, along with interest.

3.   The Attorney, of Record for the Plaintiff, Kathleen Abdallah, would not tell the

Defendant, Theresa Montantes, which Alliance Title executive, made the allegations as

contained in the Interpleader, Ms. Abdallah, said, this was confidential.  Therefore, the

Defendant, Theresa Montantes, respectfully, request the U. S. District, require the Alliance Title

executive who made the statements contained and filed the Interpleader to be identified.

4. Instead of returning the funds, from the fraudulent transaction, gone wrong, in the

amount of $80,000.00.  Alliance Title, the Plaintiff, is using the legal system and all Alliance

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

Title's legal influence and legal contacts to dispense these funds, in a fraudulent manner. The Plaintiff, Alliance Title has already taken out an undisclosed amount in attorney fees and filing fees without the courts permission and despite not having a valid contract or a provision between, any, party consenting to the cost of the Interpleader.

Given, Alliance Title's direct involvement, in concealment, the unfair trade practices of rebating, the unfair business practices of concealment of grand theft, Alliance Title is not a neutral third party to this transaction. The Civil Procedure Code 1021,

Section 1717, states, "Unless, a contract or statue provides otherwise each party to a lawsuit must pay their attorney fees." The Defendant, prays, the U. S. District Court agrees and returns to the Defendant, Theresa Montantes $80,000.00, plus interest.

5. The Defendant, Mr. Lee Brittell, of Destiny Manufactured Homes could not have achieved this type of fraud and theft without a money mover, the Plaintiff, Alliance Title and its Regional Vice President, Terry Harwell, have sanctioned this type of behavior. Alliance Title has taken great effort to conceal the fraudulent behavior of Destiny Manufactured Homes of Manteca and its' Salesman and Office Manager, Lee Brittell, as described, in the Interpleader document. These two corporations were going to put, the Defendant, Theresa Montantes, in Default and Foreclosure and were going to enrich themselves, off of the Defendants losses. Therefore the Defendant, Theresa Montantes, prays,

1. The U. S. District Court hold each the Defendant, Destiny Manufactured Homes and its, Dealer of Record, Sam Knapp, Lee Brittell, Salesman and Office Manager for Destiny Manufactured Homes of Manteca and Alliance Title Company responsible for restoring the Defendant, Theresa Montantes, whole again, in the full amount of $80,000.00, plus interest for four years and five months and what ever else the court deems fair.

2. The Defendant, prays that the U. S. District Court hold each Plaintiff, Alliance Title, Terry Harwell, Vice President and Defendant, Destiny Manufactured Homes, Dealer of Record, Sam Knapp, and Lee Brittell, Salesman and Office Manager, for Destiny

Manufactured Homes of Manteca, each responsible to pay for their own attorney fees based on the fact, that each played a major role in the scheme and each played a major role in concealment of the scheme.  In attempting, enforce a contract that was not

valid, depriving, Theresa Montantes of a legal escrow, grand theft, unfair business practices, unlicensed contracting activity, rebating, and fraudulent concealment of all the above behavior and dispensing funds in the manner of a joint control agent and and dispensing funds in the manner of a banking institution and prior to an escrow.

3.  The Defendant, pray, the U. S. District Court restrain both Defendant, Destiny Manufactured Homes, Contemporary Construction, Custom Manufactured Homes, Sam Knapp, Alliance Title, Terry Harwell and Lee Brittell, from harassing, harassing legally, or taking any actions against, the Plaintiff, for openly exposing this scheme.

4.  The Plaintiff, Theresa Montantes, asks, the Court for an Order of Protection from all the above mention corporations, including, all persons, mentioned above.  The Plaintiff, wished and prays the U. S. District Court Order of Protection, specifically mentions, Alliance Title, Executive, Terry Harwell, Lee Brittell of Destiny Manufactured Homes of Manteca, Sam Knapp of Custom Manufactured Homes of Santa Rosa, who is the Dealer of Record, for Destiny Manufactured Homes of Manteca and any of their associates and construction workers from harassing the Defendant, Theresa Montantes or from harassing, the Defendant, Theresa Montantes, or her family, in the future.

5.  The Defendant, Theresa Montantes, prays, the Court will prevent all of the above mentioned corporations from further harassing the Plaintiff, Theresa Montantes, through the court system and through their contacts in the court system, or their construction contacts, gang contacts, biker contact, car clubs contacts, or through

31

the use of the telephone.

6. The Defendant, Theresa Montantes, prays, the U. S. District Court will prevent any and of the above persons and corporations from using the court system to threaten or illegally harass and set up the Defendant, Theresa Montantes, with illegal court procedures in the future.

7. The Defendant, prays the U. S. District Court will further include a Protective Order regarding the Plaintiff's personal property and home. The Defendants, construction associates like to graffiti veil threats in the streets and on the businesses across the street, from the Plaintiff. The Defendants construction associates like to throw beer bottles, cigarettes butts, old clothes and shoe, and the like on to the Plaintiff's personal property and in the neighborhood.

8. The Defendant prays, for relief by the U. S. District Court. The Defendant, prays, that the U. S. District Court, sends a message to the Manufactured Housing Industry and the Title and Escrow Industry, and to the corrupt, few, who hide behind corporate status, that, the Grand Theft, Aiding and Abetting Grand Theft, Concealment of Grand Theft, Aiding and Abetting Concealment of Grand Theft and Grand Theft by False Pretenses and Aiding and Abetting Grand Theft under False Pretenses is an Unfair Business Practices, and a means of Unfair Competition, will not be tolerated on the part of Title Companies or the Manufactured Housing Industry, by means of a return of the defendant, Theresa Montantes, $80,000.00, plus interest.

9. The Defendant, prays that the U. S. District Court will make a statement regarding this form of Rebating, in the Title Industry. The Plaintiff, prays that the U. S. District Court will make a statement regarding Title companies or Escrow companies, providing Commercial Banking Services to their corporate, clientele, prior to a Title or Escrow Transaction, perhaps this statement will wake up the California Dept. of Insurance.

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

10. The Defendant, Theresa Montantes, prays the U.S. District Court will understand the role that Title and Escrow Companies play in robbing Americans of the dream of home ownership. Some Title and Escrow companies are turning a blind eye, to crimes committed by their corporate clientele. Alliance Title did not provide services that were honest and fair. Alliance Title's Escrow Officer did not use diligent reasonable skill and care in the performance of this transaction.

11. The Defendant, prays the U. S. District Court Order Disgorgement from all the key players involved in denying the Defendant, Theresa Montantes a legitimate escrow.

The Defendant, Theresa Montantes hopes the U. S. District Court will hold Mercury Inc. the parent company of Alliance Title and its, CEO's, Jerrold Hauptman and Patty Hauptman, additionally, responsible to restore the Defendant, Theresa Montantes, whole again, that is, $80,000.00, plus interest and whatever else the U. S. District Court feels is appropriate, for ignoring the fraud committed by its subsidiary company. Alliance Title's letter dated November 9, 2006[26] is a response to the August 10, 2006, letter the Defendant, Theresa Montantes wrote to the C.E. O's of Mercury, Inc. regarding Alliance Title acting as the money mover for Destiny Manufactured Homes of Manteca. The Defendant, Theresa Montantes has suffered a great financial loss. The Defendant Theresa Montantes made the request for fair market compensation for the income and real estate lost by the fraudulent behavior of Alliance Title's Escrow Officer. The Defendant, Theresa asked for that real estate market value based on 2003, that is the, replacement value of a three bedroom, two bath home, in Stockton, California, when the market in Stockton, California was hot.

---

[26] Letter from Leah R. Hencier, Counsel,

33

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES

12.    The Defendant, Theresa Montantes, prays the U. S. District Court Order Disgorgement from all the key players involved in denying the Defendant, Theresa Montantes a legitimate escrow. The <u>MUTUAL CANCELLATION INSTRUCTIONS</u>, of October 15, 2003[27] and the <u>MUTUAL CANCELLATION INSTRUCTIONS</u> of, of March 3, 2005[28], attempts to void an Escrow that never existed and does not restore the Defendant, Theresa Montantes, whole again.

The Defendant, Theresa Montantes, prays the court Order Disgorgement based upon the fact, that, both, Alliance Title and Destiny Manufactured Homes of Manteca, were conducting business outside of their corporate licensed capacity.

1.    Alliance Title was conducting unlicensed commercial banking business, prior to an escrow.  Alliance Title participated in concealing of fraud and grand theft and attempted grand theft, on the part of Mr. Lee Brittell of Destiny Manufactured Homes of Manteca.

2.    Destiny Manufactured Homes was operating as a contractor and a subcontractor without a contractor's license.  Mr. Lee Brittell, of Destiny Manufactured Homes of Manteca, for bait and switch sales techniques, grand theft and attempted grand theft, for contracting without a license and for the use of unfair business practices and for acting as an attorney by designing the misleading forms and then, fraudulently, presenting those form for payment.

3.    The Dealer of Record, Sam Knapp, for participating, aiding and abetting the fraudulent conduct of his employee, Mr. Lee Brittell, in grand theft, attempted grand theft and for the unfair business practice of deception through bait and switch sales techniques, for contracting without the appropriate C-47 license and designing misleading forms that deprived, the Defendant, Theresa Montantes of a legal escrow and the paid for installed home.

Dated: _December 12, 2007_   _Theresa Montantes_

Theresa Montantes, Pro Se

---

[27] Exhibit-Mutual Cancellation Instructions, dated October 15, 2003
[28] Exhibit-Mutual Cancellation Instructions, dated March 3, 2005

ALLIANCE TITLE /MONTANTES/DESTINY MANUFACTURED HOMES