IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| THERESA MONTANTES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1834-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DESTINY MANUFACTURED HOMES | ) | |
| aka DESTINY MANUFACTURED | ) | |
| HOMES OF MANTECA, JERROLD | ) | |
| HAUPTMAN, PATRICIA HAUPTMAN, | ) | |
| ALLIANCE TITLE COMPANY, INC., | ) | |
| TERRY HARWELL, PAULA NICKELL, | ) | |
| LEE BRITTELL, SAM KNAPP and | ) | |
| MERCURY COMPANIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Theresa Montantes
1054 N.E. 6th Street
Gresham, Oregon  97030

Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Leah C. Lively
Julie M. Engbloom
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158

  Attorneys for Defendants

KING, Judge:

  Plaintiff brings suit against a number of defendants seeking the return of $80,000 she deposited in escrow to purchase a manufactured home.  Defendants Mercury Companies, Inc., Jerrold Hauptman and Patricia Hauptman filed a Motion to Dismiss (#18).  For the following reasons, I grant the motion.

## BACKGROUND

  Plaintiff alleges she placed $80,000 in escrow, held by defendant Alliance Title Company, Inc. ("Alliance Title"), to purchase a manufactured home from defendant Destiny Manufactured Homes of Manteca.  Plaintiff alleges Alliance Title released $29,700 of the funds to an unlicensed contractor, prior to closing, in violation of, the Manufactured Home Purchase Order and statutory provisions, and that it has refused to return the remaining amounts.  Plaintiff alleges Destiny and its employees failed to disclose the true price of the manufactured home, failed to disclose additional permit costs, changed documents without her knowledge or permission, failed to fully inform her of her contractual rights and obligations, and hired an unlicensed contractor to install the home.

  Defendants Mercury Companies, Inc., and Jerrold and Patricia Hauptman, have filed a Motion to Dismiss.  Mercury is the parent company of Alliance Title, and is a holding company

Page 2 - OPINION AND ORDER

for business ventures such as insurance and escrow closing services.  It does not offer a product

or service to the public.  Jerrold Hauptman is the Chairman, Chief Executive Officer and Chief

Operating Officer of Mercury.  Patricia Hauptman is Mercury's President.

## LEGAL STANDARDS

The plaintiff bears the burden of establishing that the court has personal jurisdiction over

the defendant.  Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements, Ltd., 328 F.3d

1122, 1129 (9th Cir. 2003).  If no evidentiary hearing is held, a plaintiff can withstand a motion

to dismiss by making a prima facie showing of jurisdictional facts which, if true, support

jurisdiction over the defendant.  Allegations in the complaint must be taken as true and conflicts

between the facts must be resolved in the plaintiff's favor for purposes of deciding whether a

prima facie case for personal jurisdiction exists.  Id.

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the

"grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct.

1955, 1964-65 (2007) (quotation omitted) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46

(1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim").  A

plaintiff does not need to allege detailed facts, but such a requirement demands "more than labels

and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Id.

Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  Id. (internal citations and quotations omitted).

Page 3 - OPINION AND ORDER

**DISCUSSION**

Defendants Mercury Companies and the Hauptmans move to dismiss for three reasons. They assert that they were not properly served, that the court has no personal jurisdiction over them, and that plaintiff has failed to allege the essential elements of a fraud claim.

Plaintiff has not filed a response to the motion.

I.    <u>Service</u>

Defendants assert that the package each received at Mercury's principal place of business contained one copy of the Complaint, and no request for waiver of service. Defendants contend this violates Federal Rule of Civil Procedure 4(d) and that service should be quashed and the Complaint dismissed.

Rule 4(d) provides that a plaintiff "may notify" a corporate defendant that it has been sued and request that the defendant waive service of a summons. Rule 4(d) does not impose a requirement on plaintiff to include a request for waiver of service when serving a Complaint on a defendant. Accordingly, defendants are incorrect when they suggest that service is improper since it was not accompanied by the request for waiver of service.

II.    <u>Personal Jurisdiction</u>

Defendants assert that the court has neither general nor specific personal jurisdiction over them.

The jurisdictional reach of the federal court over defendants is determined by the law of the forum state. Oregon extends jurisdiction to the outer limits permitted by the state or federal constitutions. ORCP 4L. Thus, the federal due process analysis is the relevant analysis. <u>Mattel, Inc. v. Greiner and Hausser GmbH</u>, 354 F.3d 857, 863 (9th Cir. 2003).

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945). The constitutional due process test may be satisfied by a finding of either general or specific jurisdiction.

A.    General Jurisdiction

When a defendant has "substantial" or "continuous and systematic" contacts with the forum state, general jurisdiction is proper even if the cause of action is unrelated to the defendant's forum activities. Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard is "fairly high" and requires contacts that approximate physical presence. Id.

Mercury is incorporated in Colorado, and its principal place of business is in Denver. It does not have an office here nor does it own any real estate here. It does not do business in Oregon, is not registered to do business in Oregon, has no employees in Oregon, does not pay Oregon taxes, does not advertise in Oregon, has never held an Oregon license, has never had a registered agent in Oregon, and has never kept records in Oregon.

Mercury admits that its subsidiary, Alliance Title Company, Inc., is licensed to do business in Oregon, but informs the court that Alliance does not have an office here. Alliance would only handle a transaction here if one of its national lender clients had a customer in Oregon and needed Alliance to close the transaction for it. That work would be accomplished by employees in California or Nevada. Alliance does not advertise in Oregon and does not have employees here. Mercury has another subsidiary, Security Title Guaranty Company, which has

Page 5 - OPINION AND ORDER

approximately six offices in Oregon.  Nevertheless, without some evidence that Mercury is the alter ego or an agent of one of its subsidiaries, Mercury cannot be subject to jurisdiction simply because one of its subsidiaries does business here.  See Harris Rutsky, 328 F.3d at 1134 ("It is well established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes").

As for the individuals, Patricia Hauptman has come to Oregon on Mercury's behalf one time to interview a potential employee who would have worked for the company in Colorado. She also went to college in Oregon, and visited the State while working for another employer. Jerrold Hauptman visited Security Title in March of 2007, and may have interviewed a candidate for Mercury.  The Hauptmans do not serve as officers or directors of Alliance or Security Title. Neither has owned or rented property here, and neither has any bank accounts in Oregon.

Plaintiff has not made a prima facie showing that defendants have "continuous and systematic" contact with Oregon, and the court cannot assert jurisdiction over Mercury or the Hauptmans on the basis of general jurisdiction.[1]

B.    Specific Jurisdiction

When general jurisdiction is inappropriate, the Ninth Circuit has recognized application of a three-part test to determine whether specific jurisdiction exists:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

---

[1]I note that based on the information provided by Mercury, it is unlikely Alliance has sufficient contacts in Oregon to be subject to suit here either.  Plaintiff would be well-advised to resolve this dispute in California.

Page 6 - OPINION AND ORDER

<u>Mattel</u>, 354 F.3d at 863.

The first element ensures that a "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980). Although contacts that are isolated or sporadic may support specific jurisdiction if they create a substantial connection with the forum, the contacts must be more than random, fortuitous, or attenuated. <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 475 (1985). A defendant need not be physically present within the forum, provided its efforts are purposefully directed toward forum residents. <u>Id.</u> at 476. However, contacts resulting from the unilateral activity of another party or third person are not attributable to a defendant. <u>Id.</u> at 475 & n.17.

Defendants point out that all of the alleged fraud took place in California. None of the alleged acts took place in Oregon. The fact that plaintiff relocated to Oregon after the alleged tortious act took place does not confer jurisdiction on this court. Furthermore, defendants could not have foreseen any harm occurring in Oregon.

The court cannot assert specific jurisdiction over these defendants since plaintiff has not met her prima facie showing of jurisdiction. Accordingly, defendants' motion to dismiss is granted.

III.    <u>Failure to State a Claim</u>

Alternatively, defendants argue that plaintiff has failed to allege the elements of a fraud claim under California law. The elements are: (1) misrepresentation, false representation, concealment, or nondisclosure; (2) knowledge of falsity; (3) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage. <u>Charpentier v. Los Angeles Rams</u>

Football Co., Inc., 89 Cal. Rptr.2d 115, 123 (Cal. Ct. App. 1999).  Additionally, Federal Rule of Civil Procedure 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b) (2008).

Here, plaintiff alleges Mercury and the Hauptmans "ignor[ed] the fraud committed by its subsidiary company."  Complaint at 33.  This is the sole allegation against defendants.  Plaintiff does not allege intent, or plaintiff's reliance on any statement made by Mercury or the Hauptmans.

Plaintiff has failed to state a claim against defendants.  Normally, the court would give plaintiff the opportunity to amend, but since the court has no personal jurisdiction over these defendants, the Complaint is dismissed against Mercury and the Hauptmans. See Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (pro se plaintiff should be given leave to amend unless "absolutely clear that the deficiencies" could not be corrected).

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (#18) filed by Mercury Companies, Inc, Jerrold Hauptman and Patricia Hauptman is granted.  Mercury Companies, Inc., Jerrold Hauptman and Patricia Hauptman are dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____31st_____ day of March, 2008.

                                   __/s/ Garr M. King_____
                                   Garr M. King
                                   United States District Judge