IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THERESA MONTANES,           )
                                 )
           Plaintiff,         )     Civil Case No. 07-1834-KI
                                 )
      vs.                     )     OPINION AND ORDER
                                 )
FIRST AMERICAN TITLE INSURANCE, )
As Holding Funds Belonging to Transaction:)
12167697, transferred by Alliance Title;   )
ALLIANCE TITLE COMPANY, INC.;    )
TERRY HARWELL, Regional Vice     )
President; PAULA NICKELL, Escrow    )
Officer; DESTINY MANUFACTURED   )
HOMES OF MANTECA, aka DESTINY,  )
aka DESTINY MANUFACTURED      )
HOMES; LEE BRITTELL, Salesman,    )
Office Manager; and SAM KNAPP, Dealer )
of Record,                      )
                                 )
          Defendants.      )
_____)

Theresa Montanes
1054 NE 6th Street
Gresham, Oregon  97030

       Pro Se Plaintiff


KING, Judge:

      Plaintiff Theresa Montantes brings suit against a number of defendants seeking the return of $80,000 she deposited in escrow to purchase a manufactured home.  Pending before me is Plaintiff's Request for Clarification of Order and Judgment.

## BACKGROUND

      Plaintiff alleges she placed $80,000 in escrow, held by defendant Alliance Title Company, Inc. ("Alliance Title"), to purchase a manufactured home from defendant Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca ("Destiny").  Plaintiff alleges Alliance Title, and its employees Terry Harwell and Paula Nickell, improperly released $29,700 of the funds to an unlicensed contractor, prior to closing, in violation of the Manufactured Home Purchase Order and statutory provisions, and that it has refused to return the remaining amounts.

      Plaintiff alleges Destiny and its employees, Lee Brittell and Sam Knapp, failed to disclose the true price of the manufactured home, failed to disclose additional permit costs, changed documents without her knowledge or permission, failed to fully inform her of her contractual rights and obligations, and hired an unlicensed contractor to install the home.

I granted plaintiff's oral motion for entry of default made at the show cause hearing on July 16, 2008, against all remaining defendants.[1]  I entered an order of default on July 30, 2008, against defendants Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca, Inc., Lee Brittell, Sam Knapp, Terry Harwell, and Paula Nickell.  I dismissed defendant Kathleen Abdallah without prejudice.

Pursuant to Federal Rules of Civil Procedure 54(b) and 55(b), on July 30, 2008, I entered a judgment against defendant Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca, Inc. only for $80,000 with interest at the rate of 2.25 percent from the date of judgment.

Plaintiff subsequently learned that First American Title Insurance Company was administering the escrow account for Alliance Title Company, Inc.  Plaintiff filed an Amended Complaint, naming First American Title as a defendant.

On December 10, 2008, I entered an Order Directing Release of Funds.  The order directed that First American Title Insurance Company return to plaintiff the amount of $50,300 held in the Alliance Title Company, Inc. escrow account no. 12167697.  I dismissed First American Title Insurance Company with prejudice.

## DISCUSSION

Plaintiff requests clarification of the Order and Judgment dated July 30, 2008.  As set forth above, I entered an order of default against defendants Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca, Inc., Lee Brittell, Sam Knapp, Terry Harwell, and Paula Nickell pursuant to Federal Rule of Civil Procedure 55(a).  I entered a judgment against

---

[1]I previously dismissed defendants Mercury Companies, Jerrold Hauptman, and Patty Hauptman on March 31, 2008.

defendant Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca, Inc. <u>only</u>
pursuant to Federal Rules of Civil Procedure 54(b) and 55(b).

Plaintiff must move pursuant to Federal Rule of Civil Procedure 55(b)(2) if she wishes to
seek a default judgment against defendants Lee Brittell, Sam Knapp, Terry Harwell, or Paula
Nickell.  Pursuant to that rule, "[t]he court may conduct hearings . . . when, to enter or effectuate
judgment, it needs to:  (A) conduct an accounting; (B) determine the amount of damages; (C)
establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R.
Civ. P. 55(b)(2).

## CONCLUSION

Plaintiff's Request for Clarification of Order and Judgment (#51) is GRANTED.

SO ORDERED this _____3rd_____ day of December, 2009.


_/s/ Garr M. King_____
Garr M. King
United States District Judge