IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| THERESA MONTANTES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1834-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| FIRST AMERICAN TITLE INSURANCE, | ) | |
| As Holding Funds Belonging to Transaction: | ) | |
| 12167697, transferred by Alliance Title; | ) | |
| ALLIANCE TITLE COMPANY, INC.; | ) | |
| TERRY HARWELL, Regional Vice | ) | |
| President; PAULA NICKELL, Escrow | ) | |
| Officer; DESTINY MANUFACTURED | ) | |
| HOMES OF MANTECA, aka DESTINY, | ) | |
| aka DESTINY MANUFACTURED | ) | |
| HOMES; LEE BRITTELL, Salesman, | ) | |
| Office Manager; and SAM KNAPP, Dealer | ) | |
| of Record, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

Page 1 - OPINION AND ORDER

Theresa Montantes
1054 NE 6th Street
Gresham, Oregon  97030

      Pro Se Plaintiff

Paula Nickell
1813 Mark Mead Lane
Modesto, CA 95356

Terry Harwell
3609 Sagewood Ln
Modesto, CA 95356

      Pro Se Defendants

KING, Judge:

Plaintiff Theresa Montantes brings suit against a number of defendants seeking the return of $80,000 she deposited in escrow to purchase a manufactured home.  Pending before me are Plaintiff's Motions for Default Judgment against the remaining individual defendants (## 55-58), as well as the Motions to Dismiss filed by Terry Harwell and Paula Nickell (## 60, 63).

## BACKGROUND

Plaintiff alleges she placed $80,000 in escrow, held by defendant Alliance Title Company, Inc. ("Alliance Title"), to purchase a manufactured home from defendant Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca ("Destiny") in California. Plaintiff alleges Alliance Title, and its employees Terry Harwell and Paula Nickell, improperly released $29,700 of the funds to an unlicensed contractor, prior to closing, in violation of the Manufactured Home Purchase Order and statutory provisions, and that it has refused to return the

Page 2 - OPINION AND ORDER

remaining amounts.

Plaintiff alleges Destiny and its employees, Lee Brittell and Sam Knapp, failed to disclose the true price of the manufactured home, failed to disclose additional permit costs, changed documents without her knowledge or permission, failed to fully inform her of her contractual rights and obligations, and hired an unlicensed contractor to install the home.

I granted plaintiff's oral motion for entry of default made at the show cause hearing on July 16, 2008, against all remaining defendants.[1]  I entered an order of default on July 30, 2008, against defendants Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca, Inc., Lee Brittell, Sam Knapp, Terry Harwell, and Paula Nickell.  I dismissed defendant Kathleen Abdallah without prejudice.

Pursuant to Federal Rules of Civil Procedure 54(b) and 55(b), on July 30, 2008, I entered a judgment against defendant Destiny Manufactured Homes aka Destiny Manufactured Homes of Manteca, Inc. only for $80,000 with interest at the rate of 2.25 percent from the date of judgment.

Plaintiff subsequently learned that First American Title Insurance Company was administering the escrow account for Alliance Title Company, Inc.  Plaintiff filed an Amended Complaint, naming First American Title as a defendant.

On December 10, 2008, I entered an Order Directing Release of Funds.  The order directed that First American Title Insurance Company return to plaintiff the amount of $50,300 held in the Alliance Title Company, Inc. escrow account no. 12167697.  I dismissed First American Title Insurance Company with prejudice.

---

[1]I previously dismissed defendants Mercury Companies, Jerrold Hauptman, and Patty Hauptman on March 31, 2008.

Page 3 - OPINION AND ORDER

**DISCUSSION**

Plaintiff has moved for default judgment against all remaining individual defendants: Sam Knapp, Lee Brittell, Paula Nickell and Terry Harwell.

In response to her motions for default judgment, Nickell and Harwell have moved to dismiss the Amended Complaint against them.

I.    Nickell and Harwell's Motions to Dismiss

Nickell and Harwell assert two grounds for dismissal of the Amended Complaint against them.  They assert they were never properly served and that this Court does not have personal jurisdiction over them.

Plaintiff responds that she served Nickell and Harwell through Alliance Title Company's attorney.  I need not resolve this dispute because it is apparent that this Court has no personal jurisdiction over Nickell and Harwell.

Plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendants.  FDIC v. British-American Ins. Co., 828 F.2d 1439, 1441 (9th Cir. 1987).  When the burden of establishing personal jurisdiction is not satisfied, the matter is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

The jurisdictional reach of the federal court over defendants in a diversity action is determined by the law of the forum state.  Oregon extends jurisdiction to the outer limits permitted by the state and federal constitutions.  ORCP 4L.  Furthermore, to establish jurisdiction under a state's long-arm statute, the plaintiff must show both that the forum state's long-arm statute confers personal jurisdiction over the nonresident defendants and the exercise of jurisdiction does not violate federal constitutional principles of due process.  Gray & Co. v.

Firstenberg Mach. Co., 913 F.2d 758, 760, 760 n.1 (9th Cir. 1990).

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Int'l. Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The constitutional due process test may be satisfied by a finding of either general or specific jurisdiction. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 839 (9th Cir. 1986).

Where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, general jurisdiction is proper even if the cause of action is unrelated to the defendant's forum activities. Data Disc Inc. v. Systems Tech. Assoc. Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Harwell and Nickell's unrebutted testimony is that they are residents of California, have never lived in Oregon, have never owned or rented property in Oregon, do not have a representative or agent in Oregon, have never held a bank account or other financial account in Oregon, and have never conducted business in Oregon. Harwell has never even been to Oregon. The facts do not support permitting this Court to exercise general jurisdiction over Harwell or Nickell.

When general jurisdiction is inappropriate, the Ninth Circuit has recognized application of a three-part test to determine whether specific jurisdiction exists:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

Gordy v. Daily News, L.P., 95 F.3d 829, 831-32 (9th Cir. 1996).

The first element ensures that a "'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" <u>Id.</u> at 832 (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980)).  The connection between defendant and the forum state must come about "by <u>an action of the Defendant purposefully directed toward the forum State</u>."  <u>Asahi Metal Indus. v. Superior Court of Cal.</u>, 480 U.S. 102, 112 (1987) (emphasis in original).

The requisite minimum contacts simply do not exist here and plaintiff's claim does not arise out of any contacts Harwell or Nickell had with Oregon.  Plaintiff largely complains that Harwell and Nickell failed to follow escrow instructions for an escrow in California; the escrow funds were to be used to purchase and install a manufactured home there.  Plaintiff argues that the manufactured home was purchased in Oregon from Golden West Homes, but this is too tenuous a connection to hold Harwell and Nickell to the obligation of defending a lawsuit here in Oregon.  Therefore, this Court does not have personal jurisdiction over Harwell and Nickell.

II.    <u>Motions for Default Judgment against Brittell and Knapp</u>

Plaintiff moves for default judgment against the two remaining individual defendants, Knapp and Brittell.  In her affidavit supporting her motion, plaintiff testifies to the following facts:

- She gave the defendants $80,000 on June 5, 2003.

- The defendants hired unlicensed contractors to install the manufactured home.

- The defendants twice attempted to deliver a manufactured home to the Dealer's Lot, but neither was the home she had ordered.

- The defendants failed to provide a legal escrow and released funds outside of

escrow.

- The defendants refused to hire a "C-47 Contractor" and attempted to force the transaction through.

- The defendants tried to deliver a manufactured home that did not meet the Health and Safety Code.

She alleges damages of $80,000, plus interest at 9% beginning June 5, 2003, totaling $135,160.  She admits to receiving $50,300 from the escrow.  She contends she is entitled to a balance of $84,860.

The Court has already entered an order of default under Fed. R. Civ. P. 55(a) against Brittell and Knapp for their failure to plead or otherwise defend this action.  The Court hereby grants plaintiff's motion for entry of a default judgment against Brittell and Knapp.  The Court declines to award the pre-judgment interest plaintiff seeks absent authority to do so.  Plaintiff is entitled to a judgment against Brittell and Knapp in the amount of $29,700, plus interest in the amount of 0.26 percent pursuant to 28 U.S.C. §1961.

## CONCLUSION

Plaintiff's Motions for Default Judgment against Lee Brittell and Sam Knapp (## 55, 57) are granted and her Motions for Default Judgment against Paula Nickell and Terry Harwell (## 56 and 58) are denied.  Additionally, the July 30, 2008 Order of Default is stricken as to Paul Nickell and Terry Harwell and their Motions to Dismiss (## 60, 63) are granted.

Judgment dismissing Nickell and Harwell without prejudice will be entered, and judgment against Brittell and Knapp in the amount of $29,700 plus 0.26 percent interest from the date of judgment will be entered.

SO ORDERED this ____28th_____ day of March, 2010.

_/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 8 - OPINION AND ORDER